1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHEYENNE JONES, *individually and as*        No.  1:20-cv-00729-DAD-BAM
     *successor-in-interest to the estate of Rocky*
12   *Paul Jones,*

13                   Plaintiff,                   ORDER DENYING DEFENDANT'S
                                                  MOTION FOR EXTENSION OF TIME AND
14           v.                                   GRANTING PLAINTIFF'S MOTION TO
                                                  REMAND
15   WALMART, INC.,
                                                  (Doc. Nos. 6, 7)
16                   Defendant.

17

18           This matter is before the court on defendant Walmart, Inc.'s motion for an extension of

19   time to file its notice of removal (Doc. No. 7) and plaintiff Cheyenne Jones' motion to remand

20   (Doc. No. 6).  Pursuant to General Order No. 617 addressing the public health emergency posed

21   by the coronavirus pandemic, on May 29, 2020, the court took this matter under submission to be

22   decided on the papers, without holding a hearing.  The court has considered the parties' briefs

23   and, for the reasons set forth below, will deny defendant's motion for extension of time and grant

24   plaintiff's motion to remand.

25           On February 25, 2020, plaintiff filed the complaint against defendant in the Tulare County

26   Superior Court.  (Doc. No. 1-1.)  On May 22, 2020, defendant filed its notice of removal in this

27   federal court on the basis of diversity jurisdiction.  (Doc. No. 1 at 1.)  Six days after filing its

28   notice of removal, on May 28, 2020, defendant filed the pending motion for an extension of time

                                              1

to file its notice of removal.  (Doc. No. 7.)  On June 23, 2020, plaintiff filed her opposition to defendant's motion for an extension of time, and on July 1, 2020, defendant filed its reply thereto.  (Doc. Nos. 12, 13.)  On May 28, 2020, plaintiff filed a motion to remand, arguing that defendant's notice of removal failed to comply with the thirty-day time limit set forth in 28 U.S.C. § 1446(b).[1]  (Doc. No. 6 at 1.)  On June 18, 2020, defendant filed its opposition to plaintiff's motion to remand.  (Doc. No. 11.)

The court will first consider defendant's motion for an extension of time.  Defendant contends that its untimely filing of the notice of removal was due to "the mistake and inadvertence of Walmart's Central Intake Department," which never routed plaintiff's complaint and proof of service to Walmart's legal department.  (Doc. No. 7-1 at 2.)  The confusion purportedly arose from the naming of the file containing plaintiff's complaint and proof of service in Walmart's intake system, resulting in it being associated with a previous internal file and deleted as a duplicate.  (*See* Doc. No. 7-2 at 2.)  Defendant contends that it requested an extension of time "as soon as it became aware of the need for additional time, which was after the deadline had expired."  (*Id.*)  Defendant argues that the court may grant its motion to extend time "if the motion shows proof of good cause and if the failure to act timely was the result of excusable neglect."  (Doc. No. 7-1 at 2.)

In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 395 (1993) the Supreme Court analyzed excusable neglect in the context of Federal Rule of Bankruptcy Procedure 9006(b)(1) and identified a number of relevant factors in assessing a party's omission.  The Ninth Circuit has thereafter examined these same factors to determine whether a neglectful party is excused from meeting a filing deadline set by a rule of procedure that expressly states that an untimely filing could be allowed "where the [party's] failure to act was the result of 'excusable neglect.'"  *See Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004)

---

[1]  Plaintiff cites 28 U.S.C. § 1447(c) as the statute that establishes a thirty-day limit for defendant's filing of a notice of removal (*see* Doc. No. 6-1), but that statute provision establishes the time limit on filing motions for remand.  The deadline for filing notices of removal is set by 28 U.S.C. § 1446(b).  Plaintiff's confusion does not, however, affect the court's analysis.

1    (considering Fed. R. App. P. 4(a)); *Kettle Range Conservation Grp. v. U.S. Forest Serv.*, 8 Fed.

2    App'x 729 (9th Cir. 2001)[2] (assessing Fed. R. Civ. P. 6(b)).  In granting extensions of time to

3    allow untimely filings as a result of mistake or inadvertence, courts have been "persuaded in part

4    by the fact that the phrase 'excusable neglect' . . . is understood to be a somewhat elastic

5    concept." *88 Int'l Inc. v. Hartford Cas. Ins. Co.*, No. cv-13-09442-DMG-SHx, 2014 WL

6    12607693, at *2 (C.D. Cal. Mar. 17, 2014) (quoting *Pioneer*, 507 U.S. at 381).

7         In contrast, the removal statute includes no "excusable neglect" provision.  *See* 28 U.S.C.

8    § 1446(b).  "[C]ourts in the Ninth Circuit uniformly hold that the 30-day time limit prescribed by

9    28 U.S.C. § 1446(b) is mandatory, unless [the] [p]laintiff waives the defect or is estopped from

10   asserting it." *88 Int'l Inc.*, 2014 WL 12607693, at *2 (internal quotation marks and citation

11   omitted); *see also Lewis v. City of Fresno*, 627 F. Supp. 2d 1179, 1182 (E.D. Cal. 2008) ("The

12   time limits [for removal petitions] cannot be extended by continuance or stipulation.").  Thus, it

13   has been recognized that the thirty-day time limit to file a notice of removal is a "formal and

14   modal requirement" and "a timely objection to a late petition will defeat removal." *Fristoe v.*

15   *Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980); *see also Gomez v. Global Video*

16   *Games,* 2016 WL 4059614, at *2 (C.D. Cal. July 26, 2016) ("Court's rarely excuse a defendant's

17   obligation to timely file a notice of removal.") (citing cases); *DeMichele v. Loewen, Inc.*, No. c-

18   12-00628-DRB, 2012 WL 1980828, at *1 (N.D. Cal. June 1, 2012) (granting plaintiff's motion to

19   remand while noting that no "excusable neglect" provision exists in the removal statute and that

20   the time limit for removal is mandatory); *Dietrich v. Cooperstein*, No. C 94-4333 FMS, 1995 WL

21   59494, at *2 (N.D. Cal. Feb. 8, 1995) ("Literally dozens of federal courts have held that the time

22   provisions of section 1446(b) are mandatory and must be strictly construed.").

23        The removal statute and the case law interpreting it are clear.  The thirty-day time limit for

24   the filing of a notice of removal is mandatory.  The court declines to apply the "excusable

25   neglect" standard and the *Pioneer* factor analysis in assessing defendant's belated motion for an

26   /////

27   _____

28   [2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  extension of time to file its untimely notice of removal and defendant's motion will therefore be
2  denied.

3       Accordingly, the court will also grant plaintiff's motion to remand.  The thirty-day
4  removal deadline set forth by 28 U.S.C. § 1446(b) "is mandatory such that a timely objection to a
5  late petition will defeat removal." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142
6  n.4 (9th Cir. 2013) (internal citation omitted); *see also Babasa v. LensCrafters, Inc.*, 498 F.3d
7  972, 974 (9th Cir. 2007) ("If a notice of removal is filed after this thirty-day window, it is
8  untimely and remand to state court is therefore appropriate.").  Defendant filed its notice of
9  removal forty-seven days after the deadline for doing so had passed, (Doc. No. 1 at 1), and
10  plaintiff timely objected (Doc. No. 6-1).  Plaintiff's motion to remand to Tulare County Superior
11  Court will therefore be granted.

12       Plaintiff has also requests attorneys' fees and costs associated with opposing defendant's
13  notice of removal.  (Doc. No. 6-1 at 3–4); *see also* 28 U.S.C. § 1447(c) ("An order remanding the
14  case may require payment of just costs and any actual expenses, including attorney fees, incurred
15  as a result of the removal.").  "Absent unusual circumstances, attorney's fees should not be
16  awarded when the removing party has an objectively reasonable basis for removal." *Martin v.*
17  *Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  This test "recognize[s] the desire to deter
18  removals sought for the purpose of prolonging litigation and imposing costs on the opposing
19  party, while not undermining Congress's basic decision to afford Defendants a right to remove as
20  a general matter, when the statutory criteria are satisfied." *Id.* at 140.  In this case, the court
21  declines to award fees and costs.  Plaintiff argues that there was no legal justification for
22  defendant's delay in filing the petition for removal.  (Doc. No. 6-1 at 4.)  While the court has
23  determined that defendant's reliance on the *Pioneer* factors in support of its untimely removal to
24  be misplaced, the court does not find it objectively unreasonable that defendant interpreted
25  existing case law as affording relief for its carelessness.  *See Quentmeyer v. Davis*, No. 2:19-cv-
26  00609-JAM-CKD (PS), 2019 WL 3027006, at *3 (E.D. Cal. July 11, 2019), appeal dismissed,
27  No. 19-16945, 2019 WL 7407427 (9th Cir. Oct. 23, 2019) ("An objectively reasonable basis for
28  removal may exist where, for example, defendant relies on existing case law, later overturned,

1   supporting removal.  Fees may be denied where defendant's interpretation of the statute

2   authorizing removal was not objectively unreasonable.") (internal citation removed).  *Cf. Mecchi*

3   *v. Hallquist*, No. 2:17-cv-00110-KJM-DB, 2017 WL 2180479, at *3 (E.D. Cal. May 18, 2017)

4   (awarding fees and finding it "reasonable to infer from the timing of the removal that defendant's

5   primary purpose was to prolong the litigation and burden plaintiff").  Defendant also notes in its

6   opposition to the motion to remand that late removal did not prejudice plaintiff or the litigation of

7   this case.  (*See* Doc. Nos. 11 at 2–3; 13 at 3.)

8                                        **CONCLUSION**

9           For the reasons set forth above,

10     1.      Defendant's motion for an extension of time (Doc. No. 7) is denied;

11     2.      Plaintiff's motion to remand (Doc. No. 6) is granted;

12     3.      Plaintiff's request for an award of attorneys' fees and costs is denied;

13     4.      This case is remanded to Tulare County Superior Court for all further proceedings;

14             and

15     5.      The Clerk of the Court is directed to close this case.

16   IT IS SO ORDERED.

17     Dated:   **September 6, 2020**                        _Dale A. Drozd_

18                                                     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28